**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MELANIE TYLER, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:17-cv-03510-WSD-RGV |
| NATIONSTAR MORTGAGE LLC, *et al.*, | |
| Defendants. | |

**MAGISTRATE JUDGE'S FINAL
REPORT, RECOMMENDATION, AND ORDER**

Defendant Nationstar Mortgage LLC ("Nationstar") moves to dismiss the complaint filed by *pro se* plaintiff Melanie Tyler ("Tyler"). [Doc. 3].[1] Nationstar has also filed a motion to stay pretrial deadlines and discovery. [Doc. 4]. Tyler has not filed a response to the motion to dismiss or the motion to stay, so these motions, [Docs. 3 & 4], are deemed unopposed, see LR 7.1B, NDGa.[2] For the reasons that follow, Nationstar's motion to stay pretrial deadlines and discovery, [Doc. 4], is

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

[2] Although the pending motions are unopposed, the undersigned will address the merits of the motions. See Trainer v. Nix, Civil Action No. 1:07-CV-1227-JOF, 2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009) (considering merits of defendants' motions even though they were unopposed); Eley v. Morris, 390 F. Supp. 913, 917-18 (N.D. Ga. 1975) (evaluating plaintiffs' motions on the merits despite defendants' failure to file responses in opposition).

**GRANTED**,[3] and it is **RECOMMENDED** that Nationstar's unopposed motion to dismiss, [Doc. 3], be **GRANTED** as to Tyler's federal claim and that the Court decline to exercise supplemental jurisdiction over Tyler's state law claims against Nationstar and that Tyler's claims asserted against Shapiro Pendergast & Hasty ("Shapiro") be **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process upon it.[4]

---

[3] In the motion to stay, Nationstar seeks a stay of its obligation to serve initial disclosures, participate in a Rule 26(f) conference, and prepare and file a report of that conference and a proposed discovery plan until after the Court rules on its motion to dismiss. See [Doc. 4-1]. Upon consideration of the unopposed motion to stay, the Court hereby **GRANTS** the motion, [Doc. 4], and **ORDERS** that the parties' obligations to participate in a Rule 26(f) conference and to file initial disclosures and a joint preliminary report and discovery plan be stayed until the District Judge reviews this Report and Recommendation on the pending motion to dismiss.

[4] Tyler named Shapiro as a defendant in this action, see [Doc. 1-1]; however, neither the state court docket nor this Court's docket reflect that Shapiro has been served with process, see [Doc. 1 at 2 ¶ 2 (noting in the notice of removal that Shapiro had not been served with a copy of the summons and complaint)]. Because Shapiro has not been served with a copy of the summons and complaint in this case within the time period required by Federal Rule of Civil Procedure 4, the Court concludes that this action is due to be dismissed without prejudice as to Shapiro for the reasons stated herein.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[5]

This action concerns the real property located at 7657 Green Glade Way,

Lithonia, Georgia (the "property"). [Doc. 1-1 at 5 ¶ 3; Doc. 1-3; Doc. 3-2].[6]  On March

24, 2008, Tyler obtained a mortgage loan in the original principal amount of

---

[5] The facts set forth herein are taken from the pleadings and supporting exhibits and do not constitute findings of fact by the Court.

[6] Generally, the Court "may not consider matters outside the pleadings without converting [a motion to dismiss] to a motion for summary judgment[.]" Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla. Mar. 20, 2008).  However, the Court may consider an exhibit without converting a motion to dismiss into a motion for summary judgment if the exhibit is "central to the plaintiff's claim and the authenticity of the document is not challenged."  Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam)); see also Atwater v. Nat'l Football League Players Ass'n, Civil Action No. 1:06-CV-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29, 2007); Zinn v. GMAC Mortg., No. 1:05 CV 01747 MHS, 2006 WL 418437, at *3 (N.D. Ga. Feb. 21, 2006).  The documents at issue here are central to Tyler's claims, and the authenticity of the relevant documents is uncontested.  Furthermore, the documents are public records, and "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion."  Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Zivanic v. Wash. Mut. Bank, F.A., No. 10-737 SC, 2010 WL 2354199, at *2 n.2 (N.D. Cal. June 9, 2010) (citation omitted).  Accordingly, the Court will consider the exhibits submitted with the notice of removal, see [Docs. 1-2 & 1-3], as well as the exhibits attached by Nationstar to its motion to dismiss, see [Docs. 3-2, 3-3, & 3-4], without converting the motion to dismiss into a motion for summary judgment, see Metal Morphosis, Inc. v. Acorn Media Publ'g, Inc., 639 F. Supp. 2d 1367, 1374 (N.D. Ga. 2009 ) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)).

$207,435.00 from Countrywide Bank, FSB ("Countrywide"), and used the proceeds of the loan to purchase the property.  [Doc. 1-1 at 5 ¶ 5; Doc. 1-3; Doc. 3-2].  The transaction was secured by the property pursuant to a security deed executed by Tyler, conveying the property to Mortgage Electronic Registration Systems, Inc., as grantee-nominee for Countrywide and its successors and assigns.  [Doc. 3-2].  The security deed was recorded on March 28, 2008, at Deed Book 20715, Page 773, of the DeKalb County, Georgia, real estate records.  See [id. at 2].  On December 18, 2012, the security deed was assigned to Nationstar by way of a Corporation Assignment of Mortgage, which was recorded on January 29, 2013, in Deed Book 23540, Page 771, of the DeKalb County, Georgia records.  [Doc. 3-3].  On June 3, 2013, a Corrective Corporate Assignment of Security Deed was issued to Nationstar, which was recorded on July 16, 2013, in Deed Book 23896, Page 23, of the DeKalb County records.  [Doc. 3-4].  Eventually, Tyler defaulted on her obligations, and a non-judicial foreclosure sale was scheduled for July 5, 2017.  [Doc. 1-1 at 5 ¶ 6].

On June 29, 2017, Tyler filed the instant action against defendants Nationstar and Shapiro in the Superior Court of Gwinnett County, Geogia.  See [Doc. 1-1].  In her complaint, Tyler alleges that "[d]efendants are duly appointed agent and attorney in fact for [her]" and that they, "by conducting Foreclosing proceedings on [her] property without exhausting all loss mitigation remedies available and not following Federal or State Loss Mitigation regulations in order to avoid foreclosure

on [her] property[,] ha[ve] breached Fiduciary Duties per Georgia Code § 11-3-307."
[Id. at 6 ¶ 7].  Tyler seeks a declaration of rights and a declaratory judgment
pursuant to O.C.G.A. § 9-4-1 that "[d]efendants have breached Fiduciary Duties per
Georgia code § 11-3-307 because [they] are duly appointed agent and attorney in fact
for [her] and by conducting foreclosure proceedings on [her] property without
exhausting all loss mitigation remedies available and not following Federal or State
Loss Mitigation regulations and not complying with Real Estate Settlement
Procedures Act, 12 U.S.C. § 2605(e) [('RESPA')] and pursuant to Consumer Financial
Protection Bureau (CFPB) mortgage servicing rules issued on January 17, 2013, with
an effective date of January 10, 2014."  [Id. at 6 ¶ 12].  Tyler requests that the Court
declare that "[d]efendants are required to evaluate [her] for available loss mitigation
options"; "that [d]efendants are required to meet certain requirements prior to
initiat[ing] any foreclosure action against [her]"; "that any foreclosure proceedings
are invalid"; and "that [d]efendants have breached Fiduciary Duties per Georgia
Code § 11-3-307[.]"  [Id. at 7 ¶ 13].

On September 13, 2017, Nationstar, with the consent of Shapiro, removed
Tyler's complaint to this Court, see [Doc. 1],[7] and subsequently filed a motion to

_____

[7] Although Nationstar attached to its notice of removal a consent to the
removal by Shapiro, [Doc. 1-4], Nationstar also indicated that Shapiro had not yet
been served with process, [Doc. 1 at 2 ¶ 2], and "[t]he requirement that there be
unanimity of consent in removal cases with multiple defendants does not require

dismiss Tyler's complaint for failure to state a plausible claim to relief, [Doc. 4].[8]
Tyler has not filed a response to the pending motion to dismiss, and the time to do
so has passed.  Thus, the pending motion to dismiss is now ripe for ruling.

## II.  DISCUSSION

### A.   <u>Subject Matter Jurisdiction</u>

"'[A]ny action brought in a State court of which the district courts of the
United States have original jurisdiction, may be removed by the defendant[s] . . . to
the district court of the United States for the district and division embracing the
place where such action is pending.'"   <u>PHH Mortg. Corp. v. Diamond</u>, No.
1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (first and third
alterations in original) (quoting 28 U.S.C. § 1441(a)).  Thus, "[o]nly state-court
actions that originally could have been filed in federal court may be removed[.]"

---

consent of defendants who have not been properly served," <u>Wheeler v. Dekalb Cty.</u>,
No. 1:13–cv–4205–WSD, 2014 WL 2041977, at *2 (N.D. Ga. May 16, 2014) (citation
and internal marks omitted) (citing <u>Johnson v. Wellborn</u>, 418 F. App'x 809, 815 (11th
Cir. 2011) (per curiam) (unpublished)).

[8] Nationstar also moves to dismiss the complaint as an impermissible shotgun
pleading, that fails to also comply with Rule 8 of the Federal Rules of Civil
Procedure.  [Doc. 3-1 at 6-9].  Because it is recommended, for the reasons that follow,
that Tyler's federal RESPA claim be dismissed under Rule 12(b)(6) for failure to state
a plausible claim to relief, and that the Court decline to exercise supplemental
jurisdiction over her remaining state law claims, the Court does not address
Nationstar's contention that the complaint is also due to be dismissed as a shotgun
pleading.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011) (citation omitted) ("The existence of federal jurisdiction is tested as of the time of removal."); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).   Federal courts have original jurisdiction over an action if "the face of the complaint raises a federal question," or if "the parties are diverse and meet the statutory requirements for diversity jurisdiction[.]" Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)).

Under 28 U.S.C. § 1332, federal district courts have "original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332 (a)).  "Complete diversity [under § 1332] requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." Hull v. Ga. Dep't of Human Res., Civil Action File No. 1:11-CV-3043-TWT, 2011 WL 5239218, at *2 (N.D. Ga. Sept. 27, 2011), adopted sub. nom., Hull v. La Neaysa Cumming Manager DHR, 2011 WL 5239726, at *1 (N.D. Ga. Oct. 28, 2011) (citation and internal marks omitted).  The burden is on the removing party to show that the federal court has jurisdiction. Etowah Env't Grp., LLC v. Walsh, Civil Action No.

2:10-CV-180-RWS, 2011 WL 1060600, at *3 (N.D. Ga. Mar. 21, 2011) (citing Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)).  Additionally, "[d]efects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court," and "[t]he lack of subject matter jurisdiction can never be waived by parties to litigation." Allison v. Sec'y, DOC, No. 2:12-cv-11-FtM-29DNF, 2014 WL 2090865, at *3 (M.D. Fla. May 19, 2014) (citation and internal marks omitted) (citing United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam)); see also Simmerer v. United States, Nos. 6:07-cv-300-Orl-31KRS, 6:04-cr-007-Orl-31KRS, 2008 WL 897091, at *1 (M.D. Fla. Mar. 31, 2008) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)) ("[S]ubject matter jurisdiction can never be forfeited or waived because it involves a court's power to hear a case.").

Nationstar premised removal on diversity jurisdiction under 28 U.S.C. § 1332, as well as federal question jurisdiction under 28 U.S.C. § 1331.  See [Doc. 1 at 3-9]. Although not a model of clarity, Tyler's complaint, filed in the Superior Court of Gwinnett County, Georgia, appears to assert a claim arising under federal law for the purported violation of RESPA and therefore satisfies the requirements of federal question jurisdiction.  See generally [Doc. 1-1 (alleging violations of RESPA)]; see also Buckley v. Bayrock Mortg. Corp., Civil Action File No. 1:09-CV-1387-TWT, 2010 WL 476673, at *4 (N.D. Ga. Feb. 5, 2010), adopted at *1; Bank of N.Y. v. Wilson, Civil

Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1 (quoting Caterpillar, 482 U.S. at 392) ("'[F]ederal jurisdiction exists []when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'").   However, diversity jurisdiction is not available since Tyler also named Shapiro as a defendant in the action, see [Doc. 1-1 at 4 (naming Shapiro as a defendant and alleging that Shapiro's address is in Atlanta, Georgia)], and Nationstar acknowledged in its notice of removal that Shapiro, like Tyler, is a citizen of Georgia, see generally [Doc. 1]; see also Ullah v. BAC Home Loans Servicing LP, 538 F. App'x 844, 847 (11th Cir. 2013) (per curiam) (unpublished) ("As McCalla . . . admit[s], the [plaintiffs] and McCalla are all residents of Georgia for purposes of diversity jurisdiction.").   Nevertheless, Nationstar maintains that removal was also proper on the basis of diversity jurisdiction, arguing that "Shapiro's citizenship must be disregarded under the doctrine of fraudulent joinder because the Complaint is completely devoid of claims for relief against it."   [Doc. 1 at 5 ¶ 14 (citation omitted)]; see also Harvey v. Geico Gen. Ins. Co., No. 14-80078-CIV, 2014 WL 3828434, at *2 (S.D. Fla. Aug. 4, 2014) (quoting Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)) (noting that "'[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity'").

"To establish fraudulent joinder, the removing defendant must show 'by clear and convincing evidence' that 'there is no possibility the plaintiff can establish a cause of action against the resident defendant.'" Brown v. Endo Pharm., Inc., 38 F. Supp. 3d 1312, 1321 (S.D. Ala. 2014) (quoting Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006)).  "'This burden is a heavy one,'" id. (quoting Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam)), and the removing "defendant must meet its burden by actually *proving* that joinder is fraudulent," Phillips v. R.R. Dawson Bridge Co., No. 2:14-cv-00480-LSC, 2014 WL 3970176, at *5 (N.D. Ala. Aug. 12, 2014) (citation omitted).[9]  By contrast, "[t]he standard for evaluating whether [] [Tyler] can establish a cause of action against the resident defendant is very lenient: 'federal courts are not to weigh the merits of [Tyler's] claim beyond determining whether it is an arguable one under state law.'" Ullah, 538 F. App'x at 846 (citation omitted).  Indeed, "[i]f . . . there is 'any possibility of recovery [under state law] against the party whose joinder is questioned,' federal diversity jurisdiction will not attach," Dresser, Inc. v. Lowry, 320 F. Supp. 2d 486, 491 (W.D. La. 2004) (last alteration in original) (citation omitted), and "'the federal

_____

[9] A party may also establish fraudulent joinder by proving that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court," Johnson v. Bank of Am. N.A., 594 F. App'x 953, 956 (11th Cir. 2014) (per curiam) (unpublished) (citation and internal marks omitted), but Nationstar did not assert this basis for fraudulent joinder in its notice of removal, see generally [Doc. 1].

court must find that joinder was proper,'" <u>Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.</u>, 436 F. App'x 888, 890 (11th Cir. 2011) (per curiam) (unpublished) (citation omitted); <u>see also</u> <u>Johnson</u>, 594 F. App'x at 956; <u>Stillwell</u>, 663 F.3d at 1333.

"'The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.'" <u>Taylor Newman Cabinetry, Inc.</u>, 436 F. App'x at 890 (quoting <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1380 (11th Cir. 1998)).  Accordingly, the Court "necessarily look[s] to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." <u>Ullah</u>, 538 F. App'x at 846 (citation and internal marks omitted).  "The pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." <u>Id.</u> at 848 (citation omitted); <u>see also</u> <u>Stillwell</u>, 663 F.3d at 1334 n.3 (citing <u>Sherman v. Fulton Cty. Bd. of Assessors</u>, 701 S.E.2d 472, 474 (Ga. 2010)) (noting that "Georgia has not chosen to adopt the heightened pleading requirements imposed on federal plaintiffs").  "Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms." <u>Ullah</u>, 538 F. App'x at 846 (citing <u>Bush v. Bank of N.Y. Mellon</u>, 720 S.E.2d 370, 374 (Ga. Ct. App. 2011)).  Thus, "[p]leading conclusions,

rather than facts, may be sufficient to state a claim for relief." Id. (citing Stillwell, 663 F.3d at 1334; Ledford v. Meyer, 290 S.E.2d 908, 909 (Ga. 1982)). Moreover, "even when [] plaintiff fails to conform to the[] requirements [of Georgia's pleading standards], the proper remedy is not a dismissal or judgment on the pleadings, but to allow the plaintiff to amend the complaint and provide a more definite statement unless the complaint's allegations 'disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief [she] seeks.'" Id. (quoting Bush, 720 S.E.2d at 374).

In her complaint, Tyler seeks a declaration that "[d]efendants are required to meet certain requirements prior to initiat[ing] any foreclosure action" and that "any foreclosure proceedings are invalid," and she asserts a federal claim under RESPA. [Doc. 1-1 at 6 ¶ 12, 7 ¶ 13]. Nationstar contends "there is no independent basis for the imposition of liability on [] [Shapiro]" because Shapiro "was retained for the sole purpose of pursuing a non-judicial foreclosure against the Property on Nationstar's behalf as a result of [Tyler's] default on her mortgage loan" and that Shapiro was therefore "merely a local agent acting solely to advance Nationstar's interests through enforcement of the loan obligations owed by [Tyler] to Nationstar." [Doc. 1 at 5-6 ¶ 15 (footnote omitted)]. However, Tyler seeks a declaration that the proposed foreclosure was wrongfully undertaken. [Doc. 1-1 at

6 ¶ 12]; see also [id. at 7 ¶ 13 (alleging that the proposed foreclosure sale was "invalid")].   A cause action for wrongful foreclosure (or wrongful attempted foreclosure) plainly exists in Georgia, see Racette v. Bank of Am., N.A., 733 S.E.2d 457, 462 (Ga. Ct. App. 2012); Aetna Fin. Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984), and it is undisputed that a law firm acting as foreclosure counsel may be properly named as a party in such an action, even where the law firm is not the foreclosing party, see Jackson v. Bank of Am., NA, 578 F. App'x 856, 859-60 (11th Cir. 2014) (per curiam) (unpublished) (citing McCarter v. Bankers Tr. Co., 543 S.E.2d 755, 757-58 (Ga. Ct. App. 2000)).[10]

---

[10] Although Tyler's allegations of violations under RESPA are not specifically tied to any misconduct in which Shapiro, in particular, is alleged to have engaged, see generally [Doc. 1-1 at 6 ¶ 12 (alleging generally that the "Defendants" violated RESPA)], because Shapiro is one of two defendants named in the complaint, Tyler's allegations are properly construed as having been directed against Shapiro, in addition to Nationstar, see Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997) ("When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually."); see also Jackson, 578 F. App'x at 860 (citation omitted) ("Although no specific allegations were made against Rubin Lublin alone, we may construe the wrongful foreclosure allegations as being asserted against Rubin Lublin, particularly when they concern actions that Rubin Lublin either did or did not take on BOA's behalf.").   Thus, although Tyler's references to violations of federal law do "not refer[] to the non-diverse defendant specifically," they nonetheless "set forth allegations which provided at least some notice of the claim" against Shapiro, which is all that is required under Georgia's pleading standards. See Ullah, 538 F. App'x at 846-47.

Nationstar did not supplement its notice of removal with any affidavits, testimony, or other evidence proving that Tyler's joinder of Shapiro was fraudulent, see generally [Doc. 1]; see also Taylor Newman Cabinetry, Inc., 436 F. App'x at 890 (citation omitted); Phillips, 2014 WL 3970176, at *5 (citation omitted), nor did it identify any allegations in the complaint which "'disclose[d] with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief [she] [sought],'" Ullah, 538 F. App'x at 846 (citation omitted). Indeed, even if Tyler's allegations against Shapiro in the complaint were not plausible under federal pleading standards, the standard for determining whether plaintiffs might have stated a claim against a resident defendant for purposes of fraudulent joinder is one of possibility, not plausibility, and the Court's "task is not to gauge the sufficiency of the pleadings."  See id. (citation and internal marks omitted).  In other words, even Tyler's "'conclusory statements can sufficiently state a cause of action" under Georgia law, id. at 848 (citation omitted) (citing Stillwell, 663 F.3d at 1334), and, so long as "there is *any possibility* that the state law *might* impose liability on a resident defendant under the circumstances alleged in the complaint, the [] [C]ourt cannot find that joinder of the resident defendant was fraudulent," Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007) (emphasis added) (footnote and citations omitted).  Hence, "although the 'patchy

allegations' [of the complaint] might ultimately prove insufficient, [the Court is] 'unable to say there is no possibility [Tyler] [] asserted a colorable claim'" against Shapiro. See Ullah, 538 F. App'x at 846-47 (quoting Henderson, 454 F.3d at 1283); cf. Johnson, 594 F. App'x at 956 (resident defendant was fraudulently joined where plaintiff's claims against it were barred by *res judicata*); Jackson, 578 F. App'x at 860-61 (affirming district court's finding of fraudulent joinder where facts foreclosing the possibility of a cause of action under the relevant Georgia laws were "undisputed" by plaintiff).

Given the allegations of Tyler's complaint, therefore, and in view of Georgia's relaxed pleading standards, the Court concludes that Nationstar has failed to carry its heavy burden of proving by clear and convincing evidence that Shapiro, whose Georgia residency is not disputed, was fraudulently joined. See Phillips, 2014 WL 3970176, at *5 (citation omitted); Brown, 38 F. Supp. 3d at 1322-26 (citations and internal marks omitted). Accordingly, since it is undisputed that both Shapiro and Tyler were citizens of Georgia for purposes of diversity jurisdiction, and since Shapiro's citizenship may not be disregarded under the doctrine of fraudulent joinder, it follows that complete diversity among the parties was absent when the complaint was removed from the Superior Court of Gwinnett County, Georgia. See Stephens v. Wal-Mart Stores E., LP, Civil Action No. 5:09-cv-325 (CAR), 2010 WL

1487213, at *1 (M.D. Ga. Apr. 12, 2010) ("Where [p]laintiff and one of the [d]efendants are both from Georgia, there is not complete diversity.").  As a consequence, the removal of this action to federal court was not properly based on diversity jurisdiction, and federal question jurisdiction serves as the sole basis for the Court's subject matter jurisdiction.

**B.**   **Failure to Serve Shapiro pursuant to Rule 4 of the Federal Rules of Civil Procedure**

"Rule 4(m) of the Federal Rules of Civil Procedure requires that [] plaintiff serve each defendant within 90 days of filing the complaint." Tatum v. Bank of Am., N.A., CIVIL ACTION FILE NO. 1:15-CV-3076-ODE-CMS, 2016 WL 4445265, at *3 (N.D. Ga. May 18, 2016) (citing Fed. R. Civ. P. 4(m)).[11]  "When a case is removed from state court to federal court, the time limit of Rule 4(m) begins anew." Id. (citations omitted); see also Dees v. Wash. Mut. Bank, Civil Action No. 3:10-CV-0045 (CAR), 2010 WL 5349865, at *5 (M.D. Ga. Dec. 21, 2010) (citations omitted) ("[T]he [90]-day time limit for perfecting service under the Federal Rules of Civil Procedure would begin to run when [a case] is removed from state court.").  In addition, "[t]he [90]-day time limit imposed by Rule 4(m) expires [90] days after the first complaint

_____

[11] Rule 4(m) was amended, effective December 1, 2015, to reduce the time for perfecting service from 120 days to 90 days.  See Jackson v. Goldco, LLC, CASE NO.: 1:14-CV-119 (LJA), 2016 WL 1259405, at *3 n.1 (M.D. Ga. Mar. 29, 2016) (citing Fed. R. Civ. P. 4(m)).  Because this case was filed in state court on June 29, 2017, after the effective date of the amendment, the 90-day limit applies.

in which the defendant is named[.]"  Rudolph v. UT Starcom, Inc., No. C 07-04578 SI, 2009 WL 248370, at *2 (N.D. Cal. Feb. 2, 2009) (emphasis and citation omitted); see also Ga. ex rel. Saunders v. Mortg. Elec. Registration Sys., Inc., Civil Action File No. 1:10–CV–3419–TWT–RGV, 2011 WL 1335824, at *5 (N.D. Ga. Mar. 11, 2011), adopted by 2011 WL 1322616, at *1 (N.D. Ga. Apr. 6, 2011) (citations omitted); Morrison v. Morgan Stanley Props., No. 06-80751-CIV, 2008 WL 1771869, at *2 (S.D. Fla. Apr. 15, 2008) (citations omitted).  "Failure to comply with this rule will result in dismissal of the complaint without prejudice unless the plaintiff can show good cause why service was not made within that period."  Davis v. Mortg. Elecs. Registration Sys., Inc., Civil Action No. 1:09-CV-3109-TWT-CCH, 2010 WL 1529319, at *2 (N.D. Ga. Mar. 2, 2010), adopted by 2010 WL 1529307, at *1 (N.D. Ga. Apr. 13, 2010) (citing Fed. R. Civ. P. 4(m)).

Tyler filed her complaint in the Superior Court of Gwinnett County, Georgia, on June 29, 2017, and named Shapiro as a defendant in that complaint.  See [Doc. 1-1].  Nationstar removed the complaint to this Court on September 13, 2017, [Doc. 1], and therefore, the period for service has expired.  However, neither the state court docket nor this Court's docket reflect that Shapiro has been properly served with process in this case.  "Where, as here, plaintiff[] failed to serve [Shapiro] properly within the [90]-day period allotted under the Federal Rules of Civil Procedure, 'the

court–on motion or on its own initiative after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be effected within a specified time.'" <u>Anderson v. Dunbar Armored, Inc.</u>, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009), adopted at 1290 (quoting Fed. R. Civ. P. 4(m)).  "'But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" <u>Id.</u> (quoting Fed. R. Civ. P. 4(m)).  To date, Shapiro has not made an appearance in this case, and there is no actual proof of service on the docket.  Moreover, Tyler has not sought an extension of time in which to serve Shapiro or shown good cause for her failure to serve Shapiro with the summons and complaint.[12]  Because more than 90 days have passed since the removal to this Court of the complaint naming Shapiro as a defendant, it is hereby **RECOMMENDED** that the claims against Shapiro be **DISMISSED WITHOUT PREJUDICE** for Tyler's failure to perfect service of process.[13]  <u>See</u> Fed. R. Civ. P. 4(m); <u>Milburn v. Aegis</u>

---

[12] Although Tyler "fail[ed] to show good cause for failing to timely effect service, [the] [C]ourt 'must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" <u>Duncan v. CCA McRae Corr. Facility</u>, No. CV 308-047, 2009 WL 1151620, at *1 (S.D. Ga. Apr. 27, 2009), adopted at *1 (quoting <u>Lepone-Dempsey v. Carroll Cty. Comm'rs</u>, 476 F.3d 1277, 1282 (11th Cir. 2007)). "Nevertheless, the decision to extend the time for service is within the Court's sound discretion." <u>Id.</u>  The Court finds no circumstances on the record before it that warrant an extension of time for Tyler to serve Shapiro.

[13] To the extent notice is required, this Report and Recommendation serves as notice to Tyler that her case against Shapiro is subject to dismissal. <u>See Anderson</u>, 678 F. Supp. 2d at 1296 (emphasis and citations omitted) ("This Report and

Wholesale Corp., Civil Action No. 1:12-CV-1886-RWS, 2013 WL 1747915, at *1 n.2 (N.D. Ga. Apr. 22, 2013).

**C.    Nationstar's Motion to Dismiss, [Doc. 3]**

Tyler asserts a violation of RESPA, [Doc. 1-1 at 6-7], along with state law claims for breach of a fudiciary duty and declaratory relief, [id.]. She also seeks injunctive relief, preventing Nationstar from foreclosing on the property. [Id. at 7]. Nationstar argues that each of Tyler's claims should be dismissed for failure to state a plausible claim for relief. See generally [Doc. 3-1 at 10-17].

**1.    *Legal Standard***

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court must accept Tyler's allegations as true and construe the complaint in her favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted).[14] "While a complaint attacked by a Rule 12(b)(6) motion to

_____

Recommendation . . . serves as notice to [Tyler] that if [she] disagree[s] with this recommendation, [she] must file timely objections . . . with the District Court, setting forth appropriate evidence and arguments why [her] failure to serve [Shapiro] should not result in the dismissal of [her] claims against [Shapiro].").

[14] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Additionally,

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (last alteration in original) (citations and internal marks omitted).  Furthermore, "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Broner v. Wash. Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)).  "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (footnote and citation omitted), and the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  Thus, "the tenet that a court must accept as true

---

'[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.  If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'"  Id. (alterations in original) (footnote omitted) (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)).  Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted).  In sum, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 678-79 (citation omitted); see also id. at 679 (citation omitted) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013), adopted at 1336 (citations and internal marks omitted).[15]

---

[15] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

### 2. *Federal RESPA Claim*

Tyler has failed to set forth her RESPA claim as a separate count or to specify which misconduct constituted a violation of RESPA. See generally [Doc. 1-1]. She also fails to allege sufficient factual details to support her RESPA claim. See Broner, 258 F. App'x at 256-57; Johnson v. Scala, No. 05 Civ. 5529(LTS)(KNF), 2007 WL 2852758, at *5 (S.D.N.Y. Oct. 1, 2007) (explaining that there are only three private causes of action under RESPA and finding that plaintiffs failed to plead any facts to establish a cause of action under RESPA sufficient to withstand dismissal). Indeed, Tyler simply alleges that "Defendants" violated 12 U.S.C. § 2605(e) "by conducting foreclosure proceedings on [her] property without exhausting all loss mitigation remedies available[.]" [Doc. 1-1 at 6 ¶ 12]. Tyler, however, fails to provide any facts regarding the details of the loan transaction that would put Nationstar on notice as to how her allegations regarding the failure to provide her with loss mitigation remedies constituted violations of RESPA.

Section 2605(e) of RESPA provides, in pertinent part:

If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A).  Subsection (B) provides that a "qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that . . . includes, or otherwise enables the servicer to identify, the name and account of the borrower; and [] includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." Id. § 2605(e)(1)(B); see also Buckley, 2010 WL 476673, at *7 n. 10 (quoting 12 U.S.C. § 2605(e)(3)).  Not all letters sent to a loan servicer constitute a qualified written request under RESPA.  See 12 U.S.C. § 2605(e)(1)(B).

Tyler has not alleged that Nationstar was a loan servicer to which this section of RESPA is applicable, or that she has satisfied the statutory requirements for a qualified written request.  She has failed to plead any facts showing that she actually submitted a qualified written request that met the requirements set forth in § 2605(e)(1)(B), and her conclusory statements in her complaint are insufficient. See Arroyo v. Bank of Am., N.A., Civil Action No. 1:13–CV–01767–RWS, 2013 WL 3785623, at *3 (N.D. Ga. July 18, 2013) (finding plaintiff failed to state plausible RESPA claim where he made "only conclusory statements about" a qualified written request).

Moreover, with regard to her allegation that Nationstar conducted foreclosure proceedings without exhausting all loss mitigation remedies pursuant to Regulation X, [Doc. 1-1 at 6 ¶ 7, 7 ¶ 12],[16] Tyler "fails to allege any facts regarding [her] delinquency on the loan, whether [she] submitted a loss mitigation application, when [s]he sent such an application, and whether [s]he received a response. The bare allegation that [Nationstar] violated [her] rights under Regulation X, without factual support is not sufficient to state a plausible claim for relief," Licona v. Wilmington Sav. Fund Soc'y, FSB, CIVIL ACTION FILE NO. 1:16-CV-2756-AT-CMS,

---

[16] "[U]nder 12 C.F.R. § 1024.41, . . . a servicer must promptly review any loss mitigation application it receives forty-five days or more prior to a foreclosure sale and notify the borrower within five days of receipt whether the application is complete or incomplete, and if incomplete, notify the borrower what information is necessary to complete it." Roberts v. CitiMortgage, Inc., CIVIL ACTION NO. 1:14-CV-3259-ODE-LTW, 2015 WL 11549383, at *8 (N.D. Ga. May 1, 2015) (citing 12 C.F.R. § 1024.41(b)(2)). "If the borrower submits a completed loss mitigation application, the servicer must evaluate the borrower for any loss mitigation options and notify the borrower what options, if any, are available," and "[i]f the borrower's completed loss mitigation application is received within certain time periods, e.g., if the loan application is received prior to notification of non-judicial foreclosure or more than thirty-seven days prior to the date set for a foreclosure sale, the servicer, subject to certain exceptions, may not initiate or conduct a foreclosure sale while it is reviewing the borrower's request for a modification." Id. (citations omitted). "The servicer, however, may conduct the foreclosure sale if the borrower has rejected all loss mitigation options offered by the servicer, the borrower fails to perform under an agreement on a loss mitigation option, or the servicer has sent notice to the borrower that she is ineligible for any loss mitigation option and the appellate process identified in Section 1024.41 is inapplicable, the borrower does not request an appeal within the applicable time period, or the borrower's appeal has been denied." Id. (citation omitted).

2016 WL 9275412, at *3 (N.D. Ga. Sept. 26, 2016), adopted by, 2016 WL 9308546, at

*1 (N.D. Ga. Oct. 19, 2016); see also Roberts, 2015 WL 11549383, at *8 (citation

omitted) (finding plaintiff failed "to plead anything more than conclusory facts in

support of her claim" where she failed to "allege that she submitted a completed

loan modification application by the time periods required under the regulation

which would require Defendant to refrain from conducting a foreclosure sale" or

"include any facts shedding light on, for instance, whether Defendant had

completed its review and issued her notification of loss mitigation options by the

time it notified her of a foreclosure sale, or whether she accepted or rejected such

options").[17]  For all these reasons, Tyler has failed to state a cause of action under

RESPA against Nationstar, and it is **RECOMMENDED** that Tyler's RESPA claim be

dismissed.[18]

---

[17] Furthermore, Tyler has not alleged that Nationstar was the servicer on the loan, but instead, it appears that the relationship is a "mortgagor and mortgagee" by way of assignment.  See [Docs. 3-3 & 3-4].  However, "[t]he language of Regulation X reflects that it is intended to apply only to servicers of loans."  Licona, 2016 WL 9275412, at *3 (footnote and citations omitted).

[18] Additionally, "alleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiff[] must, at a minimum, also allege that the breach resulted in actual damages."  Saldate v. Wilshire Credit Corp., Case No. CV F 09-2089 LJO SMS, 2010 WL 582074, at *6 (E.D. Cal. Feb. 12, 2010) (citation and internal marks omitted); see also Amaral v. Wachovia Mortage Corp., No. 09-CV-00937-OWW-GWA, 2010 WL 618282, at *5 (E.D. Cal. Feb. 17, 2010).  In short, Tyler's allegations fail to put Nationstar on notice as to how any purported RESPA violations harmed her.  Furthermore, to the extent Tyler seeks equitable relief under

3.     *State Law Claims*

Tyler asserts state law claims and seeks declaratory relief pursuant to O.C.G.A. § 9-4-1.  [Doc. 1-1].  Although supplemental jurisdiction may be exercised over state law claims related to federal claims in any action in which the Court has original jurisdiction, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (footnote and citation omitted).  Indeed, "[t]he federal courts of appeals[] . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims," Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) (citations omitted), and the Eleventh Circuit has therefore "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial," Young v. City of Gulf Shores, Civil Action No. 07-0810-WS-M, 2009 WL 920302, at

---

RESPA, it is not available as a matter of law.  See Wilson v. Saxon Mortg. Servs., Inc., Civil Action File No. 1:08-cv-3630-CAP, at [Doc. 4 at 1-2] (N.D. Ga. Dec. 1, 2008) (alteration in original) (citation omitted) (citing Mullinax v. Radian Guar., Inc., 199 F. Supp. 2d 311, 333 (M.D.N.C. 2002)) ("'[A]n injunction is unavailable in RESPA private actions.'").

*1 (S.D. Ala. Apr. 2, 2009) (internal marks omitted) (quoting Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam)).

As previously discussed, the Court's subject matter jurisdiction over this action rests exclusively on the federal RESPA claim raised in Tyler's complaint. Since that claim fails as a matter of law, it is **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Tyler's state law claims against Nationstar, and that those claims be remanded to the Superior Court of Gwinnett County, Georgia. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., 402 F.3d 1092, 1123 (11th Cir. 2005) (citation omitted) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court."); Williams v. Fed. Nat. Mortgage Ass'n, No. 1:13-CV-1899-WSD, 2013 WL 5361211, at *4 (N.D. Ga. Sept. 25, 2013).[19]

---

[19] Alternatively, if the merits of Tyler's state law claims are reached, her complaint fails to state any plausible claim for relief. In particular, to the extent Tyler asserts a claim for breach of fiduciary duty against Nationstar, the vague and conclusory factual allegations in Tyler's complaint fail to suggest Nationstar owed any fiduciary duty that was breached. In Georgia, "in order to establish a claim for breach of fiduciary duty, [Tyler] must show: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." Enedah v. Am.'s Servicing Co., Civil Action File 1:11-CV-00695-AT-GGB, 2011 WL 13217835, at *12 (N.D. Ga. Nov. 18, 2011), adopted as modified by, 2012 WL 10973752, at *6 (N.D. Ga. Mar. 16, 2012) (citation omitted). "The party asserting the existence of a

## III.  CONCLUSION

For the foregoing reasons, Nationstar's motion to stay, [Doc. 4], is **GRANTED**, and it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** as to Shapiro for Tyler's failure to properly serve it within the time allowed by Rule 4 and that Nationstar's motion to dismiss, [Doc. 3], be **GRANTED** as to Tyler's federal RESPA claim, and that the Court decline to exercise jurisdiction over Tyler's remaining state law claims, and that those claims be remanded to the Superior Court of Gwinnett County, Georgia.

---

fiduciary duty or confidential relationship bears the burden of establishing its existence," and here, Tyler has simply failed to meet her burden.  Id. (citation and internal marks omitted).  While Tyler cites to O.C.G.A. § 11-3-307 as the basis for her claim, this "code section [pertains to] aiding and abetting a breach of fiduciary duty," but Tyler's complaint "contains no factual allegations regarding either [d]efendant's acts to procure a breach of another person's fiduciary duty to [Tyler] or that such acts caused [Tyler] any damage."  Licona, 2016 WL 9275412, at *4 n.5 (citation omitted).  Furthermore, "under Georgia law, a creditor does not owe any heightened or fiduciary duty to a borrower related to a loan."  Id. at *4 (citation omitted).  Finally, Tyler seeks a declaration under O.C.G.A. § 9-4-1, see [Doc. 1-1]; however, "[a]s discussed above, [Tyler's] [c]omplaint fails to state a plausible claim for relief," and it "contains insufficient factual allegations to show that there is a threatened legal injury at the present time or that there is any uncertainty about a future action in this case that jeopardizes [her] interests."  Licona, 2016 WL 9275412, at *4 (citations omitted).  Thus, should the Court exercise its discretion to reach the merits of Tyler's state law claims, it is **RECOMMENDED** that these claims be **DISMISSED**.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED**, this 25th day of January, 2018.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE