# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MELANIE TYLER,

      Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, *et. al.*,

      Defendants.

1:17-cv-3510-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report, Recommendation, and Order [6] ("Final R&R"). The Final R&R recommends that (1) Plaintiff Melanie Tyler's ("Tyler") claims against Defendant Shapiro Pendergast & Hasty ("Shapiro") be dismissed for lack of service, (2) Defendant Nationstar Mortgage LLC's ("Nationstar") Motion to Dismiss [3] be granted as to Plaintiff's federal RESPA claim, and (3) that the Court decline to exercise supplemental jurisdiction over Tyler's state law claims against Nationstar. The Court finds no plain error in the Final R&R and adopts the recommendations of the Magistrate Judge.

I. **BACKGROUND**

   A. <u>Facts</u>[1]

Plaintiff filed this lawsuit to enjoin the foreclosure of her residence located in DeKalb County, Georgia. ([1.1]). Nationstar is the assignee of a Security Deed for a loan secured by the residence. The foreclosure sale was scheduled to occur on July 5, 2017.

On June 29, 2017, Plaintiff filed the instant action against defendants Nationstar and Shapiro in the Superior Court of Gwinnett County, Georgia. ([1.1]). In her complaint, Plaintiff alleges that "[d]efendants are duly appointed agent and attorney in fact for [her]" and that they, "by conducting Foreclosing proceedings on [her] property without exhausting all loss mitigation remedies available and not following Federal or State Loss Mitigation regulations in order to avoid foreclosure on [her] property[,] ha[ve] breached Fiduciary Duties per Georgia Code § 11-3-307." ([1.1] at 6 ¶ 7). Plaintiff seeks a declaration of rights and a declaratory judgment pursuant to O.C.G.A. § 9-4-1 <u>et. seq.</u> that "[d]efendants have breached Fiduciary Duties per Georgia code § 11-3-307 because [they] are

---

[1] The Court recites facts from the R&R and the record. The parties have not objected to any facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

duly appointed agent and attorney in fact for [her] and by conducting foreclosure proceedings on [her] property without exhausting all loss mitigation remedies available and not following Federal or State Loss Mitigation regulations and not complying with Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) [('RESPA')] and pursuant to Consumer Financial Protection Bureau (CFPB) mortgage servicing rules issued on January 17, 2013, with an effective date of January 10, 2014." ([1.1] at 6 ¶ 12). Plaintiff requests that the Court declare that "[d]efendants are required to evaluate [her] for available loss mitigation options"; "that [d]efendants are required to meet certain requirements prior to initiat[ing] any foreclosure action against [her]"; "that any foreclosure proceedings are invalid"; and "that [d]efendants have breached Fiduciary Duties per Georgia Code § 11-3-307[.]" ([1.1] at 7 ¶ 13).

B.     Procedural History

Plaintiff filed an action in the Superior Court of Gwinnett County, Georgia on June 29, 2017. ([1.1]). On September 13, 2017, Nationstar filed a Notice of Removal [1] in this Court. On September 15, 2017, Nationstar filed the instant Motion to Dismiss [3]. Plaintiff failed to respond to Nationstar's Motion, and it is deemed unopposed. See LR 7.1B, NDGa. On January 25, 2018, Magistrate Judge Vineyard issued a Final R&R. The Final R&R recommends that (1) Plaintiff

Melanie Tyler's ("Tyler") claims against Defendant Shapiro be dismissed without prejudice for failure to effect service of process, (2) Defendant Nationstar's Motion to Dismiss [3] be granted as to Plaintiff's federal RESPA claim, (3) that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Nationstar, and (4) that the remaining state law claims be remanded to the Superior Court of Gwinnett County, Georgia. ([6] at 28). Plaintiff did not object to the Final R&R.

## II. DISCUSSION

### A. Legal Standards

#### 1. Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

2. <u>Motion to Dismiss Standard</u>

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." <u>Wooten v. Quicken Loans, Inc.</u>, 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." <u>Aldana v. Del Monte Fresh Produce, N.A.</u>, 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting <u>S. Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. <u>See</u> <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010) (construing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. <u>Twombly</u>, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

B. Analysis

1. Plaintiff's Failure to Serve Shapiro

The Magistrate Judge found that no actual proof of Plaintiff's service of Shapiro exists on the state court docket or on this Court's docket. The Magistrate Judge noted that Plaintiff has not sought an extension of time in which to serve Shapiro or shown good cause for her failure to serve Shapiro with the summons and complaint. Because more than 90 days have passed since the removal to this Court of the complaint naming Shapiro as a defendant, the Magistrate Judge recommended that the claims against Shapiro be dismissed without prejudice for Plaintiff's failure to perfect service of process in accordance with Fed. R. Civ. P. 4. Plaintiff did not object to the Magistrate Judge's findings and recommendation or otherwise demonstrate good cause for her failure to serve Shapiro.

The Court finds no plain error in the Magistrate Judge's findings and recommendation. The claims against Shapiro are dismissed.

2. Nationstar's Motion to Dismiss

As an initial matter, Plaintiff did not respond to Nationstar's Motion to Dismiss. Accordingly, dismissal of the complaint is warranted on that ground alone. See LR 7.1B, NDGa (providing that failure to file a response to a party's motion "shall indicate that there is no opposition to the motion."); see also Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998) (per curiam) (action may be dismissed under Local Rule 7.1B when a party fails to respond to a motion to dismiss).

On the merits, the Magistrate Judge first addressed Plaintiff's federal RESPA claim. The Magistrate Judge found that Plaintiff has failed to set forth her RESPA claim as a separate count or to specify which misconduct constituted a violation of RESPA. ([6] at 22). The Magistrate Judge further found that Plaintiff failed to allege sufficient factual details to support her RESPA claim, noting that Plaintiff "simply alleges that 'Defendants' violated 12 U.S.C. § 2605(e) 'by conducting foreclosure proceedings on [her] property without exhausting all loss mitigation remedies available[.]'" ([6] at 22; [1.1] at 6 ¶ 12). In particular, Plaintiff has not alleged that Nationstar was a loan servicer to which this section of RESPA is applicable, or that she has satisfied the statutory requirements for a qualified written request. ([6] at 23, citing Arroyo v. Bank of Am., N.A., Civil

Action No. 1:13–CV–01767–RWS, 2013 WL 3785623, at *3 (N.D. Ga. July 18, 2013) (finding plaintiff failed to state plausible RESPA claim where he made "only conclusory statements about" a qualified written request)).  With regard to Plaintiff's allegation that Nationstar conducted foreclosure proceedings without exhausting all loss mitigation remedies pursuant to Regulation X, ([1.1 at 6 ¶ 7, 7 ¶ 12]), the Magistrate Judge concluded that Plaintiff "fails to allege any facts regarding [her] delinquency on the loan, whether [she] submitted a loss mitigation application, when [s]he sent such an application, and whether [s]he received a response."  ([6] at 24).

For the reasons set forth above, the Magistrate Judge concluded that Plaintiff has failed to state a cause of action under RESPA against Nationstar and recommends the Court grant Nationstar's Motion to Dismiss [3] as to the federal RESPA claim.  The Court finds no plain error in these findings and recommendation and Plaintiff's RESPA claim is dismissed without prejudice.  See Slay, 714 F.2d at 1095.

With respect to the remaining state law claims against Nationstar, the Magistrate Judge noted that "[a]lthough supplemental jurisdiction may be exercised over state law claims related to federal claims in any action in which the Court has original jurisdiction, 'when the federal-law claims have dropped out of

the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" ([6] at 26, citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (footnote and citation omitted)). "The federal courts of appeals[] . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims," Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) (citations omitted), and the Eleventh Circuit has therefore "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial," Young v. City of Gulf Shores, Civil Action No. 07-0810-WS-M, 2009 WL 920302, at *1 (S.D. Ala. Apr. 2, 2009) (internal marks omitted) (quoting Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam)). The Magistrate Judge thus recommends that the Court decline to exercise supplemental jurisdiction over Tyler's state law claims against Nationstar, and that those claims be remanded to the Superior Court of Gwinnett County, Georgia.

The Court finds no plain error in these findings or recommendation. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Shapiro Pendergast & Hasty are **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to timely serve it in accordance with Fed. R. Civ. P. 4.

**IT IS FURTHER ORDERED** that Nationstar Mortgage LLC's Motion to Dismiss [3] is **GRANTED IN PART.** The Motion is granted as to Plaintiff's federal RESPA claim. The Court declines to exercise jurisdiction over Plaintiff's remaining state law claims.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims against Nationstar Mortgage LLC are **REMANDED** to the Superior Court of Gwinnett County, Georgia.

**SO ORDERED** this 17th day of April 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE